640 A.2d 787

IN THE MATTER OF DAVID A. BIRCH, AN ATTORNEY AT LAW.

May 2, 1994.

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that the dismissal of ethics charges against DAVID A. BIRCH of SOUTH ORANGE, who was admitted to the bar of this State in 1973, be reversed and that respondent be publicly reprimanded for violation of *RPC* 1.2(d) (assisting a client in conduct a lawyer knows is illegal, criminal or

fraudulent), *RPC* 1.7(a) (conflict of interest), *RPC* 1.8(a) (owner-ship, possessory, security or other pecuniary interest adverse to a client) and *RPC* 8.4(c) (conduct involving dishonesty, fraud or deceit) in connection with his handling of a transaction involving property in which respondent subsequently purchased the interest of a party to the transaction whose interest was adverse to that of respondent's clients;

And the Court having heard argument and having concluded from its independent review of the record that there is not clear and convincing evidence of respondent's violation of *RPC* 1.2(d), *RPC* 1.7(a) or *RPC* 8.4(c);

And the Court having concluded that despite respondent's close and long-term relationship with two of the parties to the transac-tion, respondent's training and experience as an attorney should have prevented him from acquiring an ownership interest in the real property that was adverse to that of his clients, particularly because the agreement prepared by respondent prohibited the sale, transfer or encumbrance of an interest in the property without the prior written consent of all parties, and respondent purchased the adverse party's interest without the written consent of or notice to respondent's two clients;

And good cause appearing;

It is ORDERED that respondent be publicly reprimanded for violation of *RPC* 1.8(a); and it is further

ORDERED that the charges of violation of *RPC* 1.2(d), *RPC* 1.7(a) and *RPC* 8.4(c) be dismissed; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Ethics Financial Committee for appropriate administrative costs incurred in the prosecution of this matter.